### LEDERER *v.* VEITH *et al.*

*(Common Pleas of New York City and County, General Term. May 9, 1889.)*

Appeal from special term.

This is an appeal by defendants from an order vacting an order for the examination before trial and before answer, of Gustav M. Miller and Richard Schramm, who are not parties to the action.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*Townsend, Dyett & Einstein,* for appellants. *Black & King,* for respondent.

PER CURIAM. After consultation, we have reached the conclusion that this order was properly made, and it should be affirmed. We think third parties cannot be examined, and were not intended to be included within that provision of the Code which provides for the examination of parties before trial; but, if they can be examined, then the allegations contained in the affidavits on which the order was obtained were not sufficient to warrant the order.

---

### COLWELL *v.* GARFIELD NAT. BANK.

*(Common Pleas of New York City and County, General Term. June 3, 1889.)*

Appeal from special term.

For opinion at special term, see 4 N. Y. Supp. 5. Defendant, having appealed, moves for a certificate on which it is proposed to prosecute a further appeal to the court of appeals, alleging that the questions involved are novel, and should have the construction of that court.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Lawrence & Waehner,* for appellant. *W. B. Ellison,* for respondent.

PER CURIAM. As it is desirable to have the right of the receiver to maintain this action determined before the parties are put to the expense of a trial, the certificate asked for by the appellant will be granted.

---

### KILPATRICK *v.* DEAN *et al.*

*(Common Pleas of New York City and County, General Term. June 3, 1889.)*

A judgment for plaintiff at a trial term of the city court was affirmed on appeal to the general term of that court. An appeal was then taken to the general term of this court, where the judgment was again affirmed. 4 N. Y. Supp. 708. Defendants now move for leave to appeal to the court of appeals.

*Blandy & Hatch,* for appellants. *Kelly & MacRae,* for respondent.

PER CURIAM. The questions involved in this case were fully examined by the general term, and the result is stated in its opinion. No reason appears why this case should be further litigated, as no new or important question of law is shown to exist. Any further delay in this case would be prejudicial, as the assignee is stayed from winding up his trust. We think the two opinions already pronounced dispose of every point in the case, and further argument would be merely prolonging unnecessary delay. Motion denied.